**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | | |
|---|---|---|
| SCF MARINE, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:08-CV-1618 CAS |
| | ) | |
| MISSISSIPPI LIME COMPANY, d/b/a | ) | |
| FALCO LIME, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| MISSISSIPPI LIME COMPANY, d/b/a | ) | |
| FALCO LIME, | ) | |
| | ) | |
| Third Party Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| BIG RIVER SHIPBUILDERS, INC. | ) | |
| | ) | |
| Third Party Defendant. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on third-party defendant Big River Shipbuilders, Inc.'s ("Big River") motion to dismiss for lack of personal jurisdiction, or alternatively, to transfer due to improper venue. Defendant/third-party plaintiff Mississippi Lime Company d/b/a Falco Lime ("Mississippi Lime") opposes the motion. Plaintiff SCF Marine, Inc. ("SCF") takes no position with respect to the motion to dismiss for lack of personal jurisdiction, but opposes any transfer of this action to the United States District Court for the Southern District of Mississippi. For the following reasons, Big River's motion to dismiss for lack of personal jurisdiction will be granted and its alternative motion to transfer denied as moot.

**Background**

On June 1, 2007, an inland river barge, SCF-125, sank while at defendant Mississippi Lime's dock in Vicksburg, Mississippi. The barge was owned by plaintiff SCF, and had been loaded with pebble and granular-sized lime at Mississippi Lime's Ste. Genevieve, Missouri dock. SCF transported the cargo from Ste. Genevieve to Vicksburg. While unloading the barge in Vicksburg, Mississippi Lime discovered the barge listing in the bow and taking on water. Mississippi Lime placed electrical pumps in the bow to pump out water and also contacted third-party defendant Big River to inspect SCF-125 and perform repairs. The barge sank approximately two days later.

After the barge sank, SCF sued Mississippi Lime alleging breach of contract, breach of warranty, and negligence. Mississippi Lime filed a third-party complaint against Big River, alleging two counts of negligence and breach of agency duty. Big River filed the instant motion to dismiss for lack of personal jurisdiction, stating that it is a Mississippi company and does not have minimal contacts with Missouri such that it is subject to personal jurisdiction in Missouri courts.

**Legal Standard**

"If jurisdiction is controverted, the plaintiff has the burden of proving facts supporting personal jurisdiction. Dever v. Hentzen Coatings, Inc., 380 F.3d 1070, 1072 (8th Cir. 2004). 'The plaintiff's 'prima facie showing' must be tested, not by the pleading alone, but by the affidavits and exhibits presented with the motions and opposition thereto.' Id. (quotation and citation omitted)." Coen v. Coen, 509 F.3d 900, 904-05 (8th Cir. 2007) (recent restatement of the personal jurisdiction factors; here in the context of specific jurisdiction); see also Miller v. Nippon Carbon Co., Ltd., 528 F.3d 1087 (8th Cir. 2008) (same).

**Discussion**

"The Supreme Court has recognized two theories for evaluating personal jurisdiction: general and specific jurisdiction. Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414-15, (1984). A state may exercise general jurisdiction if a defendant has carried on in the forum state a continuous and systematic, even if limited, part of its general business; in such circumstances the alleged injury need not have any connection with the forum state. Keeton v. Hustler Magazine, Inc., 465 U.S. 770, 779 (1984). The plaintiff must make a prima facie showing, however, that the defendant's contacts were not 'random,' 'fortuitous,' or 'attenuated.' Id. at 774. Specific jurisdiction on the other hand is appropriate only if the injury giving rise to the lawsuit occurred within or had some connection to the forum state, meaning that the defendant purposely directed its activities at the forum state and the claim arose out of or relates to those activities. Burger King Corp. v. Rudzewicz, 471 U.S. 462, 472 (1985)." Steinbuch v. Cutler, 518 F.3d 580, 586 (8th Cir. 2008).

To evaluate the sufficiency of a defendant's contacts, the Court considers five factors: (1) the nature and quality of the contacts with the forum state; (2) the quantity of the contacts with the forum state; (3) the relation of the cause of action to the contacts; (4) the interest of the forum state in providing a forum for its residents; and (5) the convenience of the parties. Bell Paper Box, Inc. v. Trans Western Polymers, 53 F.3d 920, 922 (8th Cir. 1995). Of these factors, the first three are of "primary importance" while the last two are "secondary factors." Digi-Tel Holdings Inc. v. Proteq Telecomm., 89 F.3d 519, 523 (8th Cir. 1996).

With these standards in mind, the Court will now examine whether the exercise of personal jurisdiction over third-party defendant Big River is appropriate.

*Specific Jurisdiction*

As discussed, the exercise of specific jurisdiction is appropriate if the injury giving rise to the lawsuit occurred within or had some connection to the forum state, meaning that the defendant purposely directed its activities at the forum state and the claim arose out of or relates to those activities. This case concerns the sinking of the SCF-125 at Mississippi Lime's dock facility in Vicksburg, Mississippi. Mississippi Lime's specific allegations in the third-party complaint against Big River relate to the inspection, maintenance, and repair of the barge while at the dock in Vicksburg. The Court finds that the controversy at issue is not related to or arising out of any of Big River's contacts with Missouri.

The only conduct directed into Missouri that might arguably give rise to the exercise of specific jurisdiction is an e-mail communication sent by Big River to Mr. Myron McDonough of SCF. After the barge sank, Big River solicited a bid from a disposal company to remove the remaining cargo on the barge. Big River forwarded this bid (which itself was nothing more than a five-line e-mail) via e-mail to Mr. McDonough of SCF. Mr. McDonough works out of SCF's office in St. Louis. Mississippi Lime asserts that "[t]his is enough contact to justify the exercise of jurisdiction over Big River in this case."

For support, Mississippi Lime cites Chromalloy Am. Corp. v. Elyria Foundry Co., 955 S.W.2d 1, 4-5 (Mo. 1997), in which the president and sole shareholder of Elyria, the company arguing lack of jurisdiction, traveled into Missouri for the purpose of contacting plaintiff and attempting to purchase a foundry. The president of Elyria traveled again to Missouri to review documents, which culminated in the sale of the foundry. Plaintiff sued Elyria for failure to make payments for the foundry. Id. at 2. The Chromalloy case is distinguishable in many regards, but most importantly it

involved physical travel into the forum for the purpose of conducting business—the very business that was eventually the subject of the suit. Here, Big River forwarded a five-line e-mail to Mr. McDonough which quoted a price for removal of the remaining cargo from the sunken barge. Mississippi Lime's claims against Big River concern the inspection, maintenance, and repair of the barge as it was sinking, and have nothing to do with the subsequent removal of the cargo. Even construing the third-party complaint broadly, the Court cannot give credence to Mississippi Lime's contention that "[t]he damages sought from one of [its] claims against Big River is for the loss of the cargo from SCF-125," and thus, presumably, that the single e-mail into this forum regarding the removal of the remaining cargo from the SCF-125 amounts to a transaction giving rise to the suit. Big River did not conduct any transaction in Missouri giving rise to this suit. In fact, the evidence shows Big River had no physical presence in Missouri at any time. The Court cannot exercise specific jurisdiction over Big River.

*General Jurisdiction*

Mississippi Lime argues that Big River is subject to general jurisdiction in Missouri courts based on the following allegedly regular, systematic, and continuous contacts with Missouri: Big River's website proclaims that it can "reach every location on the Inland Waterways in a reasonable length of time;" the website states it can provide service to clients beyond Vicksburg; Big River has performed work in Louisiana, Florida, on the Arkansas River, and near Memphis, Tennessee; and Big River has engaged in business with SCF in the past on two different projects. Finally, Big River's primary contact with SCF was Mr. McDonough, who works from an office in St. Louis, Missouri, and Big River has sent him at least nine e-mails.

To maintain personal jurisdiction, Big River's contacts with Missouri must be more than "random," "fortuitous," or "attenuated." Big River must have purposefully availed itself of "the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." Hanson v. Denckla, 357 U.S. 235, 253 (1958). Mississippi Lime has made no showing that Big River has ever availed itself of the privilege of conducting any business in Missouri. With respect to its prior two projects for SCF involving two different vessels, there is no evidence that Big River solicited SCF's business in Missouri and no evidence that Big River employed anybody in Missouri or sent any representative to Missouri. See, e.g., Bell Paper Box, Inc. v. Trans Western Polymers, Inc., 53 F.3d 920, 922 (8th Cir. 1995) (finding merely entering into a contract with a forum resident does not provide requisite contacts between nonresident defendant and forum state).

The only evidence Mississippi Lime has submitted of any contacts with Missouri are nine e-mail communications sent from Big River to SCF's Mr. McDonough. This is not the type of regular and systematic contact with the State of Missouri that would support the exercise of personal jurisdiction. Briefly considering the nature and quality of the contacts, the contacts were not physical contacts directed into the forum. In fact, unlike traditional telephone (i.e., land line) and mail communications, e-mail communication has no physical association with the forum. That is, Big River did not dial a Missouri telephone number or send a letter into Missouri. Regardless of the virtual nature of the communications, it is well established that the mere use of e-mail, faxes, or the telephone is insufficient to subject a party to personal jurisdiction. See id., 53 F.3d 920, 923 ("The use of interstate facilities, such as telephones or mail, is a 'secondary or ancillary' factor 'and cannot alone provide the 'minimum contacts' required by due process.'").

Finally, Mississippi Lime states that Big River's website "reache[s] into Missouri," and provides a basis for personal jurisdiction. While conceding that the website is passive, Mississippi Lime argues that by making claims like Big River can serve "every location on the Inland Waterways in a reasonable length of time," Big River is purposefully directing its marketing to Missouri. The website does little more than make information available to those who are interested. This is not grounds for the exercise of personal jurisdiction. See Enterprise Rent-A-Car Co. v. U-Haul Int'l, Inc., 327 F. Supp. 2d 1032, 1041 (E.D. Mo. 2004); Bell v. Imperial Palace Hotel Casino, Inc., 200 F. Supp. 2d 1082, 1085 (E.D. Mo. 2001). While Big River might be able to reach Missouri in a reasonable length of time, there is absolutely no evidence that it has ever had any physical contact with Missouri. Simply advertising that a company can travel to the forum state is not grounds for asserting contact with the forum. Moreover, as Big River points out, Mississippi Lime has offered no evidence that any Missouri residents use Big River's website or even that it used Big River's website.

As stated in its reply brief, Big River does not maintain any offices, bank accounts, or telephones in Missouri; does not own, use, possess, rent or control any real or personal property in Missouri; has never entered into any contracts to perform service or furnish materials or repair vessels in Missouri; does not directly advertise or solicit business in Missouri; has never performed any ship repair, salvage, or work of any kind in Missouri; has no agent for the service of process in Missouri; is not authorized to do business in Missouri; and has no employees in Missouri. Mississippi Lime's allegations against Big River arise out of the inspection, maintenance, and repair of the SCF-125 at its dock in Vicksburg, Mississippi. Big River's inspection, maintenance, and repair of the barge did not involve Missouri. Nor did Big River direct any purposeful contact into this forum related to its

inspection, maintenance, and repair of the vessel. Although Big River did send a handful of e-mails into this forum regarding other vessels and maintains a website accessible in this forum, such contact is not sufficient to establish the type of continuous and systematic contact that would subject Big River to the jurisdiction of Missouri courts.

Based on the foregoing, the Court finds that exercising either general or specific personal jurisdiction over Big River in Missouri would offend traditional notions of fair play and substantial justice. See Bell Paper, 53 F.3d at 921. The Court will grant Big River's motion to dismiss based on lack of personal jurisdiction. The Court will deny, however, Big River's unsupported request for sanctions and attorneys' fees incurred in this matter.

In the alternative, Big River asserts that venue is improper and moves the Court, if it does not grant its motion to dismiss, to transfer this action under 28 U.S.C. § 1406(a) to the United States District Court for the Southern District of Mississippi. Because the Court grants Big River's motion to dismiss, its motion for transfer is moot.

Accordingly,

**IT IS HEREBY ORDERED** that third-party defendant Big River Shipbuilders, Inc.'s motion to dismiss for lack of personal jurisdiction is **GRANTED**. [Doc. 18]

**IT IS FURTHER ORDERED** that third-party defendant Big River Shipbuilders, Inc.'s alternative motion to transfer to the United States District Court for the Southern District of Mississippi is **DENIED as moot**. [Doc. 18]

An order of partial dismissal will accompany this memorandum and order.

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this 23rd day of October, 2009.